UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETS

|  |  |  |
|---|---|---|
| ARTHUR BURNHAM,<br>Petitioner, | )<br>)<br>)<br>) |  |
| v. | )<br>)<br>) | CIVIL ACTION<br>NO. 19-40043-TSH |
| COLETTE GOGUEN,<br>Respondent. | )<br>)<br>)<br>) |  |

**MEMORANDUM OF DECISION AND ORDER**
**February 25, 2020**

**HILLMAN, D.J.**

## Background

Arthur Burnham ( "Burnham" or "Petitioner"), proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") and simultaneously filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On April 19, 2019, this Court granted Burnham's motion to proceed *in forma pauperis* and ordered that within forty-five days, he file a Section 2254 petition that complies with Rule 2(c) of the Rules Governing Section 2254 Cases. *Order*, dated April 10, 2019 (Docket No. 5)("Prior Order"). The Prior Order specified that Burnham must provide "very specific information concerning the conviction being challenged, including information about trial court proceedings, appellate proceedings, and other state and federal court proceedings concerning the judgment of conviction. [He] must also … identify not only each ground on which [he] challenges his conviction, but specific facts in support thereof. [He] must indicate whether such claim was raised in the state

court on direct appeal or in a state post-conviction proceeding." Burnham was advised that failure to comply could result in dismissal of his petition. *See Id.* Instead of complying with the Court's Prior Order, Burnham filed a Request for Abeyance (Docket No. 6) and Motion for Stay and Abeyance (Docket No. 10). In light of the filing of the latter motion, which is more fully develops his arguments in support of a stay, his Request for Abeyance (Docket No. 6) is *denied* as moot. For the reasons set forth below, the Motion for Stay and Abeyance is also *denied* as moot.

## Discussion

Pursuant to Rule 2(c) a Section 2254 petition must:

(1) specify all the grounds for relief available to the petitioner;
(2) state the facts supporting each ground;
(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten; and
(5) be signed under penalty of perjury by the petitioner … .

Rule 2(c) of the Rules Governing Section 2254 Cases. Additionally, "[t]he petition must substantially follow … the form appended to [the Rules Governing Section 2254 Cases]. *Id.*, at R. 2(d). Burnham's 52-page petition did not comply with these rules and the obvious inadequacies were pointed out by this Court in its Prior Order. Rather than file a petition that complies with the rules, Burnham has filed a motion for stay and abeyance requesting that this Court hold the petition in abeyance and permit him to return to state court and exhaust his state court remedies. In support, Burnham indicates that he attempted to file post-trial motions after pleading guilty, but his various motions "were not recorded due to 'outrageous conduct' by state officials." He also asserts that his claims are meritorious and that he has not engaged in dilatory tactics.

It is not necessary for the Court to address the merits of Burnham's motion for a stay and abeyance as the Court does not have a valid petition before it. Burnham was informed that the operative petition does not meet the requirements of this Court's rules in that it does not follow the prescribed format. The deficiencies in the petition are not a case of the Court applying form over substance: As presented, it is difficult to decipher the gravamen of Burnham's claims, the facts supporting such claims, and whether such claims have ever been presented to *any* state court.  Therefore, in accordance with my Prior Order, the petition dismissed without prejudice and the motion for stay and abeyance is denied as moot.[1]

## **Conclusion**

The petition is dismissed, without prejudice, for failure to comply with this Court's Prior Order.  The Request for Abeyance (Docket No. 6) and Motion for Stay and Abeyance (Docket No. 10) are *denied* as moot.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE

---

[1] The proper procedure would have been for Burnham to file a compliant petition and file his motion for stay and abeyance contemporaneously therewith.